IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Rowland Williams, II, #341454, ) | |
| ) | CIVIL ACTION NO. 9:09-3014-JMC-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Sargent Rosemary Sanders and ) | |
| Captain Cliff McElvogue, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was a pre-trial detainee at the Berkeley County Detention Center,[1] alleges violations of his constitutional rights by the named Defendants.

Plaintiff alleges in his original verified complaint[2] that [at the time he filed this action] he was a pre-trial detainee and that he was being denied adequate hygiene opportunities, exercise, and telephone privileges. Plaintiff alleges that as a result of being denied adequate opportunity to shower, he had developed "sores" on his scalp and body. Plaintiff further alleges that he was denied adequate

---

[1] Plaintiff is now an inmate with the South Carolina Department of Corrections, housed at the Kirkland Correctional Institution. See Court Docket No. 34.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



access to the courts because he was not being provided with pen, paper and postage, and that he was also being improperly denied religious publications. Plaintiff seeks monetary damages. See generally, Verified Complaint.

In a document filed December 7, 2009, which has been docketed as an amendment to his complaint, Plaintiff alleges that although he had been placed in protective custody, he was being treated like he was in "disciplinary" custody, including being denied access to all forms of media and a "new phone account number". In addition to the monetary damages previously requested, Plaintiff now also requested that he be provided with a written apology. See generally, Amended Complaint, with attached Exhibits (purported copies of three inmate grievances, and two Inmate Request forms asking for a new phone account number).

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on April 29, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 3, 2010, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed his own motion for summary judgment on May 24, 2010, and a response to the Defendants' motion for summary judgment on May 28, 2010. Defendants filed a response to the Plaintiff's motion for summary judgment on May 28, 2010, and a reply memorandum to Plaintiff's response on June 7, 2010.

These motions are now before the Court for disposition.[3]

---

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The parties have filed motions for summary judgment. As



**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

Defendants assert that they are entitled to summary judgment in this case, inter alia, on the ground that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683

---

these are dispositive motions this Report and Recommendation is entered for review by the Court.



(4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. (2007). To meet this burden, Defendants note that Plaintiff freely admits in his verified complaint that he had not received a final determination concerning any grievances he may have filed prior to filing this lawsuit. See, Verified Complaint, § II.[4] Defendants further argue that, to the extent Plaintiff may have made complaints concerning the conditions of his confinement (which Plaintiff indicates in § II of his complaint that he did), such conduct does not amount to exhaustion of a prison grievance procedure. Cf. McNair v. Jones, 2002 WL 31082948, at * 7-8 (S.D.N.Y. Sept. 18, 2008)[Verbal complaints do not satisfy the exhaustion requirement]; Davis v. Minthoin, No. 05-326, 2006 WL 2222700 (E.D.Tenn. Aug. 2, 2006)[submission of inmate request form not sufficient to exhaust grievance remedy]. Finally, the Defendants have also submitted a copy of the Detention Center Inmate Rules, which provide under ¶ 19 [Inmate Request and Grievance Forms], as follows:

a.  If you have a problem or question, you must first contact a correctional officer. If the unit officer cannot answer the question or concern, you are to fill out an Inmate Request/Grievance Form. The request will be forwarded to the proper authority and answered as soon as possible.

b.  Repeated Inmate Request/Grievance Forms will not be accepted.

See Exhibit (Court Docket No. 26-3). See also Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in

---

[4] In his complaint, Plaintiff responds to the question "Is there a prisoner grievance procedure in this institution?", by putting a question mark under both yes and no. In response to the question "Did you file a grievance concerning the claims you are raising in this matter?", Plaintiff put a question mark under "yes". In response to the question "Have you received a final agency/departmental/institutional answer or determination concerning this matter (i.e., your grievance)?", Plaintiff answered "no".

4



the courts"].

In his response to the Defendants' motion, Plaintiff does not dispute that he had never received any response to a grievance he had filed. Rather, Plaintiff argues that "after over a year of incarceration [he] has never seen, heard of, nor received any response, nor has any other inmate to his knowledge." Plaintiff's Memorandum in Opposition, p. 1. Plaintiff has submitted a document bearing several signatures (presumably of inmates), dated May 12, 2010, which states "no one has received a response to a grievance, to the best of our knowledge no inmate has ever received a response to a grievance". See Court Docket No. 31-1. Plaintiff has also provided what he contends are copies of grievances he filed at the Detention Center as attachments to his amended complaint. One of these grievances is dated December 2, 2009, which would have been *after* Plaintiff filed this lawsuit, while another is dated October 23, 2009, which was only shortly before he filed this lawsuit. Therefore, these exhibits are not competent evidence on which to deny the Defendants' motion for summary judgment. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]. However, the third grievance Plaintiff has provided as an exhibit is dated September 28, 2009, which would have been approximately five weeks prior to the filing of Plaintiff's complaint. This grievance asserts that Plaintiff is being denied reading material, access to showers or a telephone, and exercise.

The Defendants have provided no evidence, such as an affidavit from an appropriate official at the jail, log entries, or grievance filing records, to dispute whether this grievance was filed with the Detention Center, nor does the Court have any evidence setting forth exactly what the



grievance procedure at the Detention Center was, including what time tables were provided for responses, etc. Nor have the Defendants submitted any response to the Plaintiff's claim that he should be allow to proceed because no one ever responded to grievances at the jail. See Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) [ administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance], cert. denied, 544 U.S. 920 (2005); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) [stating that prison's failure to timely respond renders administrative remedies unavailable]. In fact, the affidavit provided by the Defendants to support summary judgment in this case does not even address Defendants' argument that Plaintiff failed to exhaust the grievance procedure at the jail before filing this lawsuit. Therefore, the Defendants have failed to meet their burden of showing entitlement to summary judgment on this ground. Anderson, 407 F.3d at 683 [Failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant].

**II.**

Turning to the merits of Plaintiff's claims, the Defendants have submitted an affidavit from the Defendant Sanders wherein she attests that she is a Sergeant with the Berkeley County Sheriff's Department, that she has no personal knowledge as to the claims in this lawsuit, that all inmates (including the Plaintiff) are allowed to possess a copy of the Holy Bible provided they submit a request, and that during the time period alleged in the lawsuit Plaintiff was housed in maximum security and that such inmates are not allowed to received publications from outside the Detention Center, including religious publications, as they present a safety hazard and are not allowed in maximum security. See generally, Sanders Affidavit. In his filings, Plaintiff does not contest that he was able to receive at least portions of the Bible while in segregation, but complains about the



restrictions on his receipt of publications.[5] [6]  Other than these scant submissions of evidence, however, the Court has no other information before it on which to reach a conclusion.[7]

In reviewing the motion for summary judgment, it is readily apparent that Plaintiff's allegations are set forth in only the most bare boned fashion, and indeed neither one of the named Defendants are specifically alleged in the complaint to have played a role in the deprivations Plaintiff

---

[5] Plaintiff has submitted some statements from other inmates concerning their efforts to obtain Bibles and/or Korans. However, Plaintiff may only assert claims for himself, based on deprivations that *he* has allegedly experienced. See Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)[a prisoner cannot act as a "knight-errant" for others]; Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)[a pro se prisoner unassisted by counsel cannot be an advocate for others]; Inmates v. Owens, 561 F.2d 560, 562-563 (4th Cir. 1977)[one pro se inmate does not have standing to sue on behalf of another inmate]; see also Myers v. Loudon Co. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005)[finding that a pro se person's right to litigate for oneself does not create a similar right to litigate on behalf of others].

[6] Plaintiff also appears to argue in his motion for summary judgment that the denial to him of publications and/or access to "media" while in segregation was in contravention of Detention Center rules and polices. However, while Plaintiff may have some administrative or state law claim he could pursue if in fact he could show a violation of Detention Center policies, the violation of such policies does not constitute a violation of Plaintiff's constitutional rights, and are therefore not assertable in a § 1983 action. See Keeler v. Pea, 782 F.Supp. 42, 44 C.D.S.C. 1992); cf. Scott v. Hamidullah, C/A No. 3:05-3027-CMC-JRM, 2007 WL 904803 *5 n. 6 (D.S.C. March 21, 2007) (citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)); Johnson v. S.C. Dep't of Corrections, No. 06-2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ["Plaintiff's allegation that defendants did not follow their own policies or procedures, standing alone, does not amount to a constitutional violation."] (citing Riccio, 907 F.2d at 1469 [if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]).

[7] While Defendants' counsel asserts numerous arguments for dismissal of Plaintiff's claims in Defendants' filings, arguments and statements of counsel are not evidence for purposes of granting or denying a motion for summary judgment. See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment]; Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; cf. Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence].



cites, although the Defendant McElvogue is alleged to the "jail commander", while Sanders is alleged to be the "dorm commander". Nevertheless, Plaintiff does state in his verified complaint that he was denied adequate access to showers, resulting in sores on his scalp and body, to which the Defendants have offered no counter evidence whatsoever. Indeed, this claim is not even referenced in the sole affidavit submitted by the Defendants. Therefore, summary judgment cannot be granted on that claim. See Parrish v. Johnson, 800 F.2d 600, 609 (6th Cir. 1986)[The Eighth Amendment protects prisoners from the denial of the basic elements of hygiene].[8]

Defendants have also submitted no evidence to show the amount of exercise Plaintiff is provided, or to respond to Plaintiff's sworn allegation that he is not allowed a pencil, pen, paper and postage to mail legal mail. Therefore, Defendants also cannot be awarded summary judgment on these claims. Cf. Lee v. Murray, N9. 90-6814, 1992 WL 245849, at * 3 (4th Cir. Sept. 29, 1992)[Lack of opportunities for adequate exercise can state a constitutional claim]; Bounds v. Smith, 430 U.S. 817, 823-825 (1977)["[I]t is undisputable that indigent inmates must be provided at state expense with paper and pens to draft legal documents, with notarial services to authenticate them, and stamps to mail them."].

However, it is clear from the evidence that Plaintiff was in segregation at the time period covered by his claims, and the undersigned finds that the allegations and evidence with respect to his receipt of publications and other mailings while in segregation is not sufficient to raise a genuine issue of fact as to whether a constitutional violation occurred with respect to this claim. Cf.

---

[8]Parrish deals with the 8th Amendment rights of convicted prisoners. While Plaintiff was a pretrial detainee at the time set forth in his complaint, not a convicted prisoner, for purposes of his claims the standard of whether he was subjected to constitutional violations is essentially the same for purposes of this opinion. See Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)[Holding that the 14th Amendment guarantees at least 8th Amendment protections].



Ramirez v. McCaughtry, No. 04-335, 2005 WL 2010173 (W.D.Wisc. 2005) [upholding policy that restricted access to newspapers, magazines, and photographs to inmates in segregation as part of an incentive system for good behavior]; In re Long Term Administrative Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 469 (4th Cir. 1999) ["Prison officials 'should be accorded wide-ranging deference in adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security'"] (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979)); Overton v. Bazzetta, 539 U.S. 126, 132 (2003) ["We must accord substantial deference to the professional judgment of prison administrators, who bear significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them"]. Therefore, that claim should be dismissed.

With respect to the remainder of Plaintiff's claims, however, the paucity of evidence provided by both Plaintiff and the Defendants prevents a recommendation for summary judgment in favor of any of these parties at this point. Rather, summary judgment on the remaining claims should be denied at this time, without prejudice, and the parties should be required to submit *properly supported* motions for summary judgment if they believe summary judgment is warranted in this case.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted** with respect to Plaintiff's claims relating to his receipt of publications and magazines while in segregation. The remainder of Defendants' motion for summary judgment, as well as Plaintiff's motion for summary judgment, should be **denied,** without prejudice, for the reasons set forth herein.

9



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 6, 2010
Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

