IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Willie Rowland Williams, II, | ) | |
| | ) | C.A. No. 9:09-cv-03014-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sargent Rosemary Sanders, and | ) | |
| Captain Cliff McElvogue | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff, proceeding *pro se*, pursuant to 42 U.S.C. § 1983. Plaintiff, a pre-trial detainee at the Berkeley County Detention Center at the time this action was filed, alleges that the Defendants violated his constitutional rights. The Magistrate Judge's Report and Recommendation [Doc. # 37], filed on December 7, 2010, recommends that the Defendants' motion for summary judgment [Doc. # 26] be granted with respect to the Plaintiff's claims relating to his receipt of publications and magazines while in segregation and that the remainder of Defendants' motion for summary judgment, as well as Plaintiff's motion for summary judgment [Doc. # 29], should be denied, without prejudice. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C.§636(b)(1).

Objections to the Report and Recommendation must be specific. Failure to file specific

objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After receiving the Magistrate Judge's Report and Recommendation on the Defendants' motion for summary judgment, the Plaintiff timely filed objections [Doc. # 39]. The Plaintiff submitted a two-page objection in which he objected to the policy of only allowing religious materials, as opposed to other publications, into the male general population . The Plaintiff further objected that such policy does not preserve internal order, discipline, or maintain institutional security, but believes it is a way to penalize an inmate awaiting trial. Finally, the Plaintiff contends that this policy is not in effect at other detention centers around the State. Upon review, the court finds that the Plaintiff's objections are non-specific and do not address the Magistrate Judge's conclusion that the Plaintiff has not raised a genuine issue of fast as to whether a defendant denied his constitutional rights on this claim [Doc. # 37 at 8] to the dispositive portions of the Magistrate Judge's Report and Recommendation. Therefore, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein.

It is therefore **ORDERED** that the Plaintiff's motion for summary judgment is **denied,** without prejudice. It is further **ORDERED** that the Defendants' motion for summary judgment is **granted** with respect to the Plaintiff's claims relating to his receipt of publications and magazines while in segregation.

**IT IS SO ORDERED**.

s/ J. Michelle Childs
United States District Judge

Greenville, South Carolina
January 27, 2011